___ FILED   ✗ LODGED
___ RECEIVED   ___ COPY

APR 0 7 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona

JOSEPH E. KOEHLER
Arizona State Bar No. 013288
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
joe.koehler@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-15-00105PO-01-PHX-MHB |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Valley View Building Services, LLC, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Valley View Building Services, LLC, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant agrees to plead guilty to the Information, which charges the defendant with a violation of Title 8, United States Code, Section 1324a(f)(1), Unlawful Pattern and Practice of Hiring Unauthorized Aliens, a Class B misdemeanor. The defendant further agrees to admit the Forfeiture Allegation set forth in the Information.

2. **MAXIMUM PENALTIES**

a. A violation of Title 8, United States Code, Section 1324a(f)(1), is punishable by a maximum fine of $3,000.00, per unauthorized alien involved in the violation, or a maximum term of six (6) months of imprisonment for the entire pattern or practice, or both.

b. According to the Sentencing Reform Act of 1984, the court shall:

1        (1)    Order the defendant to make restitution to any victim of the offense
2 unless, pursuant to Title 18, United States Code, Section 3663, the court determines that
3 restitution would not be appropriate in this case;

4        (2)    Order the defendant to pay a fine, which may include the costs of,
5 supervised release or incarceration, unless, pursuant to Title 18, United States Code,
6 Section 3611, the defendant establishes the applicability of the exceptions found therein;

7        (3)    Order the defendant, pursuant to Title 18, United States Code,
8 Section 3583, to serve a term of supervised release when required by statute or when a
9 sentence of imprisonment of more than one year is imposed, and the court may impose a
10 term of supervised release in all other cases.

11     c.    Pursuant to 18 U.S.C. section 3013(a), the defendant shall pay a special
12 assessment of $10.00 for each count to which the defendant is pleading guilty.  The
13 special assessment is due and payable at the time the defendant enters the plea of guilty,
14 but in no event shall be paid later than the time of sentencing unless the defendant is
15 indigent.  If the defendant is indigent, the special assessment will be collected according
16 to the provisions of Chapters 227 and 229 of Title 18, United States Code.

17 **3.**    **<u>AGREEMENT NOT TO PROSECUTE</u>**

18     In exchange for the defendant's guilty plea, the government agrees not to pursue
19 felony charges of (1) making material false statements in a matter within the jurisdiction
20 of the executive branch of the government of the United States pursuant to 18 U.S.C. §
21 1001(a), (2) using false attestations for the purpose of satisfying requirements of Section
22 274A of the Immigration and Nationality Act (relating to employment verification)
23 pursuant to 18 U.S.C. § 1546(b)(3), and (3) encouraging and inducing illegal aliens to
24 come to, enter or remain in the United States in violation of law pursuant to 8 U.S.C. §
25 1324(a)(1)(A)(iv), based on the facts and circumstances underlying the Information in
26 this case.

27
28

1  **4.**   <u>**AGREEMENTS REGARDING SENTENCING**</u>

2       a.      <u>Stipulation to probation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the

3  United States and the defendant stipulate and agree the defendant shall be placed on

4  probation for a period of five (5) years. As a condition of probation, the defendant shall

5  be required to make payments to satisfy the defendant's forfeiture obligation set forth

6  below in monthly installments.

7       b.      <u>Condition of probation.</u>  As a condition of probation, the defendant and any

8  business owned by the defendant

9            (1)     shall continue to use E-Verify;

10           (2)     shall establish a written hiring and employment eligibility

11 verification policy that includes an internal Form I-9 audit at least once per year;

12           (3)     shall provide company-wide formal training on Form I-9 procedures;

13           (4)     shall continue to retain and consult with immigration counsel;

14           (5)     shall terminate and/or discipline all individuals responsible for the

15 hiring or continued employment of undocumented aliens;

16           (6)     shall revise or implement procedures for responding to complaints

17 by employees and outside parties, including the devotion of additional resources to

18 properly investigate, track, and close out complaints;

19           (7)     shall designate an employee responsible for immigration compliance

20 matters; and

21           (8)     shall not engage in any immigration-related unfair employment

22 practices (see 8 U.S.C. § 1324b).

23       c.      If the defendant has fully complied with all terms of probation and the

24 forfeiture sums required under this agreement have been fully paid, the United States will

25 not oppose early termination at any time after the defendant has successfully completed

26 two years of probation.

27

28

- 3 -

d.     Inapplicability of Sentencing Guidelines. Because the offense to which the defendant is pleading guilty is a Class B misdemeanor, the United States Sentencing Guidelines do not apply. *See* U.S.S.G. § 1B1.9 (2013).

e.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, or if the defendant fails to comply with any condition in this agreement, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and

- 4 -

2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

**7.     DISCLOSURE OF INFORMATION**

a.      The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

The defendant agrees to the entry of a forfeiture money judgment jointly and severally with co-defendant Jaime Votaw, in the amount of $250,000, which represents a portion of the sum of money equal to the amount of proceeds obtained as a result of the offense in this case. The defendant agrees the monies were derived from proceeds of violations of Title 8, United States Code, Section 1324a(f)(1).  The defendant further agrees to pay the sum of $50,000 at the time of sentencing, and to pay the remaining $200,000 of the forfeiture judgment in equal monthly installments during the defendant's term of probation.  Payment of the monthly forfeiture amounts will be the joint and

1  several responsibility of both defendants and non-defendant Joel Votaw, and payment in

2  full by either defendant or Joel Votaw will satisfy both defendants' monthly obligation.

3      The defendant agrees that pursuant to Title 28, United States Code, Section

4  2461(c) and Title 21, United States Code, Section 853(p), in the event of the defendant's

5  failure to make timely payments, the United States will seek forfeiture of any other

6  property of the defendant up to the value of the money judgment, including but not

7  limited to, all property, both real and personal, owned by the defendant.  A payment is

8  not timely if it is received more than 60 days after it is due or scheduled.

9      The defendant agrees to waive all interests in the assets listed above, and any

10  assets seized to satisfy the money judgment, in any administrative, civil, or criminal

11  judicial proceeding, whether state or federal, which may be initiated. The defendant

12  agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and

13  waives the requirements of Federal Rules of Criminal Procedure 7 and 32.2 regarding

14  notice of the forfeiture in the charging instrument, announcement of the forfeiture at

15  sentencing, and incorporation of the forfeiture in the judgment. The defendant

16  acknowledges that the forfeiture of assets is part of the sentence that may be imposed in

17  this case and waives any failure by the Court to advise of this, pursuant to Federal Rule of

18  Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

19      The defendant knowingly and voluntarily waives all constitutional, legal and

20  equitable defenses to the forfeiture of the property in any proceeding. The defendant

21  agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional

22  or statutory, and agrees to waive any claim or defense under the Eighth Amendment to

23  the United States Constitution, including any claim of excessive fine, to the forfeiture of

24  the property by the United States.

25      The defendant warrants that the defendant is the owner or has an interest in the

26  property listed above, and agrees to hold the United States, its agents and employees

27  harmless from any claims whatsoever in connection with the seizure or forfeiture of

28  assets covered by this agreement. The defendant further agrees to waive all constitutional

- 6 -

1 and statutory challenges in any manner (including direct appeal, habeas corpus, or any

2 other means) to any forfeiture carried out in accordance with this plea agreement on any

3 grounds, including that the forfeiture constitutes an excessive fine or punishment.

4        The defendant knowingly and voluntarily agrees and understands the forfeiture of

5 the assets listed above and any asset seized to satisfy the money judgment shall not be

6 treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any

7 other penalty this Court may impose upon the defendant in addition to the forfeiture.

8        In exchange for defendant's guilty plea and sentencing to the Information, as set

9 forth above, and provided defendant complies fully with all terms of this plea agreement,

10 the government agrees to seek no further civil or criminal fines or forfeitures, or

11 administrative fines or forfeitures, related to the criminal conduct stated in the factual

12 basis of the plea agreement provided below.

13        The defendant agrees that the forfeiture provisions of this agreement are intended

14 to, and will, survive the defendant.  The forfeitability of any particular property pursuant

15 to this agreement shall be determined as if defendant had survived, and that determination

16 shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture,

17 including any agreed money judgment, is collected in full.

18        Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution

19 imposed by the Court, shall be due immediately upon judgment and subject to immediate

20 enforcement by the United States. If the Court imposes a schedule of payments, the

21 schedule of payments shall be merely a schedule of minimum payments and shall not be

22 a limitation on the methods available to the United States to enforce the judgment.  No

23 interest shall accrue on the balance of any forfeiture owed.

24 **9.**    **ELEMENTS**

25        The defendant understands that if the case were to proceed to trial, the government

26 would be required to prove the following elements beyond a reasonable doubt before the

27 defendant could be found guilty of the offense to which the defendant is pleading guilty:

28

-7-

1    **Count 1: Pattern and Practice of Hiring Unauthorized Aliens**

2        1. The defendant hired for employment, or continued to employ, in the United

3    States, aliens who were not authorized for employment in the United States;

4        2. The defendant  knew that the persons the defendant hired or continued to

5    employ were aliens who were not authorized for employment in the United States; and

6        3. The defendant's conduct of hiring such aliens was part of pattern or practice of

7    hiring or continuing to employ aliens who were not authorized for employment in the

8    United States.

9        Aliens not authorized for employment in the United States are aliens who are not

10   (1) permanent resident aliens or (2) otherwise authorized to be employed in the United

11   States.

12   **10.    FACTUAL BASIS**

13       The defendant admits that the following facts are true and that if this matter were

14   to proceed to trial the United States could prove the following facts beyond a reasonable

15   doubt:

16           Beginning in approximately November of 2008, Valley View Building
         Services, LLC, through its owners, began a practice of hiring for employment
17       persons who were known not to be authorized to work in the United States.
         As part of the practice, Valley View Building Services continued to employ
18       unauthorized aliens after receiving confirming information that specific
         employees at the company were unauthorized aliens.
19           The practice of hiring and continuing to employ unauthorized aliens
20       continued to approximately November of 2010.  During this time Valley
         View Building Services received business revenue from the ventures
21       associated with the labor provided by the unlawfully-employed aliens in
22       excess of $250,000.00.

23

24       The defendant shall swear under oath to the accuracy of this statement and, if the

25   defendant should be called upon to testify about this matter in the future, any intentional

26   material inconsistencies in the defendant's testimony may subject the defendant to

27   additional penalties for perjury or false swearing, which may be enforced by the United

28   States under this agreement.

-8-

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

1  may be filed with the Court under seal; accordingly, additional agreements, if any, may
2  not be in the public record.

3      I further agree that promises, including any predictions as to the Sentencing
4  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
5  (including my attorney) that are not contained within this written plea agreement, are null
6  and void and have no force and effect.

7      I am satisfied that my defense attorney has represented me in a competent manner.

8      I fully understand the terms and conditions of this plea agreement.  I am not now
9  using or under the influence of any drug, medication, liquor, or other intoxicant or
10 depressant that would impair my ability to fully understand the terms and conditions of
11 this plea agreement.

12 __2-20-15__
   Date

   _____
   Jaime Votaw, ____CFO____
13 Valley View Building Services

14          **APPROVAL OF DEFENSE COUNSEL**

15     I have discussed this case and the plea agreement with my client in detail and have
16 advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the
17 constitutional and other rights of an accused, the factual basis for and the nature of the
18 offense to which the guilty plea will be entered, possible defenses, and the consequences
19 of the guilty plea including the maximum statutory sentence possible.  I have further
20 discussed the concept of the advisory Sentencing Guidelines with the defendant.  No
21 assurances, promises, or representations have been given to me or to the defendant by the
22 United States or any of its representatives that are not contained in this written
23 agreement.  I concur in the entry of the plea as indicated above and that the terms and
24 conditions set forth in this agreement are in the best interests of my client. I agree to
25 make a bona fide effort to ensure that the guilty plea is entered in accordance with all the
26 requirements of Fed. R. Crim. P. 11.

27 __3/26/15__
   Date

   _____
   Matthew Martinez
28 Attorney for Defendant

- 10 -

1

**APPROVAL OF THE UNITED STATES**

2       I have reviewed this matter and the plea agreement.  I agree on behalf of the

3   United States that the terms and conditions set forth herein are appropriate and are in the

4   best interests of justice.

5                                        JOHN S. LEONARDO
                                         United States Attorney
6                                        District of Arizona

7   7 Apr 2015                          ~~~ E. Kuhler

8   Date                                 Joseph E. Koehler
                                         Assistant U.S. Attorney
9

10                      **ACCEPTANCE BY THE COURT**

11

12

13  Date

14                                       Michelle H. Burns
                                         United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -